JERRY BALLENGER, plaintiff in error, *vs*. JOHN M. McLAIN, defendant in error.

1. A petition to the ordinary asking that a minor child should be bound as an apprentice to the applicant, did not show the residence of the minor. The order granting the application was passed the day the petition was filed. It only recited the fact that the application was made, and that no good cause was shown to the contrary. The only other instrument in the case was a bond of the applicant, which contained no stipulation to teach the apprentice any trade, business or occupation, as by law required:

*Held*, that on the hearing of a *habeas corpus* sued out in behalf of the minor, charging that she was illegally restrained of her liberty by the reputed master, the production of such proceedings will not be sufficient to authorize an order adjudging to him the custody and control of the alleged apprentice.

Ballenger *vs.* McLain.

2. The provisions of the act of March 17th, 1866, amending the laws of this state in relation to apprentices, should be strictly complied with, and it should so appear on the face of the proceedings.

Master and servant.    Apprentice.    Minors.    Before Judge KNIGHT.    Cobb    county.    At    Chambers.    December 7th, 1874.

This case is sufficiently reported in the above head-notes.

GARTRELL & DUNWOODY, for plaintiff in error.

C. C. WINN, by C. D. PHILLIPS, for defendant.

TRIPPE, Judge.

1. The respondent in the *habeas corpus*, in answer thereto, returned that he held the person whose liberty was charged to be illegally restrained by him, as an apprentice, and to establish his right, as master, produced his petition to the ordinary, dated October 20th, 1874. The petition did not state that the minor resided in the county where the application was made. On the same day, to-wit: October 20th, the order granting the application was passed. It did not show jurisdiction over the minor, nor any fact, except that such application was made, and that no cause was shown to the contrary. No notice was given to any person, and no one appointed to represent the minor. No indenture of apprenticeship was made in duplicate and recorded, as by statute required. In fact, the only instrument executed was a bond of the applicant, and this contained no stipulation to teach the apprentice any trade, business or occupation. The act of March 17th, 1866, provides that "the master shall teach the apprentice the business of husbandry, house service, or some other useful trade or occupation, which shall be specified in the instrument of apprenticeship."

2. The purpose of this act is humane, just and wise. Humane and just towards the unprotected minors, and wise in

its intention towards the public, in protecting it against youthful idlers and vagabonds, guaranteeing that some useful trade or occupation shall be taught the needy young.    But its provisions should be strickly complied with.  They largely involve the liberty of those who come within their scope, as well as the social and industrial interests of the. state.   Proceedings founded on them should show that the rights of the minor whose condition is so seriously at stake, have been duly regarded and protected.   Too much of this is wanting in this case to allow this young girl to be held for years in a state of *quasi* bondage.   She has not the advantage secured to her which the law says she shall have, nor do the public have the benefit of the guaranty in which it is deeply interested. To dispose of a child without notice to any body, within a few hours, or, it may be, the same hour that the petition is presented, and then .to leave her without the legal assurance in the deed by which she is conveyed for years, of that which the law guaranties to her, is too severe a proceeding to be upheld.   The respondent did not show sufficient lawful authority to detain the child in custody, and the judgement is reversed:   See 35 *Georgia* 236 ; 36 *Ibid.* 236.

Judgment reversed.